Good morning. Dick Herman from Mr. Salazar. What's your excuse for all this? It's all my fault. I have no excuse. No, no, your fault. I have no excuse. You had a judge there that was kind to you. Oh, no, Your Honor. He was not kind to me. He was kind to you. He wasn't kind to me. He was. He wasn't. Well. He wasn't. If he was kind to me, we wouldn't be here. No, no, you weren't kind to him. Well. You know, you take off and go to Paris and you do this and you forget about your deadlines. The judge goes and he gives you a detailed explanation of what you need to do to amend your complaint. You don't pay any attention to that. I have no excuse. And you tell him, oh, I didn't get your. Tentative. I didn't get your tentative. Well, you didn't get your tentative because you didn't look for it. And then the tentative is only out there for a period of time and it's removed. That's why you didn't get it. But. Yes, Your Honor. Yeah. It's all my fault. I apologize. But. But. And there's another dynamic there if you read the transcript. You don't know how to file a plain statement of your claim. Plain short statement of your claim. Well, I copied. That was when I copied from a Johnny Cochran complaint. Oh, Johnny Cochran complaint. Yeah. Because it had everything. It had everything in the kitchen sink. Yeah. I used to use Litten-Stormer complaints. Now I use my Fourth Amendment complaint in this case, the one that didn't get filed, as my model for everything. Because that's what you need to do. I mean, after Iqbal, we got these 12b6s. And before we didn't get the Murrs in federal court. We got them in state court. Now we. I don't always get 12b6s. I have cases now where I don't get 12b6s on serious cases, you know. I don't even know what you're telling me now. I'm telling you that, Your Honor, that this case is important because all of these appeals are published. There's a West law. Even the published, not published. Everybody sees this. And it's very important that everyone understands that meritorious cases shouldn't be dismissed on a 12b6 motion, even if the lawyer screws up. There are other ways to do it. Unfortunately, that's not how it works. It's because the lawyer. I mean, if the lawyer screws up, there are consequences. But is the consequence dismissal of the case on a 12b6? Well, you know, there are certain rules that are supposed to apply. And as Judge Pregerson suggested, it looks like the district court here applied them in a reasonable way. I'm trying to understand. I haven't heard you say offer any real reason, a good reason why the district court abused its discretion in not granting you leave to amend what would have been the third time. Sure.  Well, I'm not going to go into the details of the lawsuit, the entire discussion about why would it have given you the throwaway because I didn't have the materials I needed to do the Fourth Amendment complaint. When I had it, I did it. Fourth Amendment complaint is wonderful. Does what has to be done according to the way this particular judge wants things done, which is not the same as other judges. Every federal district judge has their own criteria for what they want a complaint to look about, and some federal judges still do it the old way and say, you know, go sort it at a trial. And others want a very, very detailed, specific complaint. I mean, there's no question about the underlying facts. I mean, that's the problem. Now, no question about the underlying facts. This prisoner was beaten. Well, I've read your stuff. It could drive you crazy trying to figure out what you're after. The prisoner in this case was beaten by jail guards. I know that. I know that. Okay. So maybe you didn't do your job properly. You had opportunities. The judge gave you some suggestions on what to do. He gave you a roadmap. Yes. On what he wanted. Yes. So I, you know, and we have very heavy calendars. And you've got to try to follow the rules. I agree. And every judge has got his own way of handling his calendar. We have individual calendars in the federal system. And, I mean, you've got an impressive record. Thank you, Your Honor. There's no question about that. Now, you've been around long enough. You know the judges. And you've got to conduct yourself accordingly. I mean, if he dismissed it right off the bat and that was it, it would be something else. But you had three more times to get it right. And it wasn't that hard to do. I did get it right. There's a fourth amendment. Where did you go? To Rome? I actually went to Verona. You went to Rome. But, you know, you've got clients you need to take care of. We all need a rest. I need a rest. No, you don't, Judge. I've been 91 this year and I've been listening to guys like you for a long time. But it's what you've got to do. Look, I made a mistake. But there is a judge who has a fourth amendment complaint which conforms to what he wants in front of him. I suggested to opposing counsel that we get rid of the third amendment complaint. We use the fourth amendment complaint, which was compliant with what the judge wanted. I got it done as soon as I possibly could. And it is true that I don't come up to that district judge's standards of what a civil rights lawyer should be. That's true. That's his opinion. And that's also my fault. It's my fault because once upon a time we were both on the board of directors of the Federal Bar Association and I leaned over to, then he was Andy Guilford, and I said, you know, now that you're president of the state bar, you can become a federal judge. And he did. So, you know, you have to be careful what you wish for. And what happened is, you know, there is a discussion in the oral argument which gives you the tip of the iceberg. He just holds me to a standard which is higher than everybody else's. And it would be okay if I could meet that standard, but I can't. And it is wrong to take that out on the injured prisoner. It is wrong to take that out on the entire system where you could dismiss a case on a 12b-6 when you have a compliant complaint in front of you. And that's the issue in this case. The issue is not that I didn't make mistakes. I made mistakes. I did things bad. I admit it. I know I did. But cases should be decided on their merits. It can't be form over substance. It can't be. If it is, then we're back in the 19th century and we're not there. If someone is injured, they should have their day in court, period. If there are problems along the way, they can be addressed, but not addressed by dismissing on a 12b-6. That should be the very last resort where someone is actually doing things, not just making mistakes, but doing things wrong, defying the court, things of that nature. And that's not what happened here. What happened here was I made a mistake. I went on vacation. I'm sorry. You know, I missed a hearing. But for that to have draconian consequences on injured prisoners, that's just wrong. It may be appropriate that it have consequences for the lawyer. I'm willing to accept that. But to have consequences on someone with a meritorious claim is absolutely wrong. And this is a reported case. Whatever you do here will be done throughout the Ninth Circuit. This is likely the only 12b-6 case. Let me ask you. Is it your position that the third amended complaint that was before Judge Guilford, that it alleged a claim for relief within the standard of Rule 12b-6? Yes. All the complaints did. But he wanted it done differently, which was the Fourth Amendment complaint. He just wanted it done differently. He wanted it done his way. Well, usually, you know, my recollection was that you basically the claim of excessive force here usually alleged that there was excessive force. Then you usually allege, like, who was involved. Yes. Does the third amended complaint do that? Yes. So then why did Judge Guilford say that it was inadequate? Because he wanted it done in the form that we did the Fourth Amendment complaint, which was headers before each section indicating who ñ indicating more specifically who was the defendant in each section. Now, that's basically the change that was made. And there were also some claims that he wanted removed. There was ñ and I think I did the tort claim correctly in the third amended complaint. But it's the Fourth Amendment complaint that's important. I mean, and it's the process that's important. Well, he dismissed the third amended complaint for failure to state a claim, correct? Yes. And then he denied you leave to amend. That's correct, Your Honor. So it's hard to say that he abused his discretion if he did not state a claim for relief in the third amended complaint. I stated a claim for relief in the original complaint. All of those complaints stated a claim for relief. Just didn't state it in the form that the judge wanted it. Did you argue in the blue brief that you stated that the third amended complaint stated a claim for relief? No. I did not. Why isn't that just waived then? None of it's waived. Why is this abuse of discretion and not de novo? Am I missing something, Judge? Well, you know, there are rules. Look. So as I said, what he did was he dismissed the third amended complaint, correct? Yes. All right. So you asked him for relief to amend. He denied. Yes. Right. You appealed. Yes. You got the two issues you could have appealed. One, it was he erred as a matter of law in dismissing the third amended complaint because the third amended complaint stated a valid claim for relief, at least in part, the minimum. Yes. And you could argue that he abused his discretion in not granting leave to amend. Yes. Right? Okay. So I asked you, I just asked you, did you argue in the blue brief that the third amended complaint stated a claim for relief? No. Okay. Under our Federal rules of civil – under the Federal appellate rules that's well embedded in our case law, if you do not raise your arguments in the blue brief, you've waived them before us. Sure. So that issue is then gone. Yes. And the only issue that's left is the one you argued, which was he abused his discretion. In this particular setting, it looks pretty difficult to argue abuse of – that he abused his discretion. He gave you two times to amend. He told you what he wanted to do. You didn't do it. And he didn't do it. He didn't grant you relief to file a fourth amended complaint. What that does, Judge, is it means that the floodgates of 12b6s are open in civil rights cases forever, and that – Well, Iqbal and – That doesn't mean that. Iqbal – Don't say that. That doesn't mean that. Look – If it's only for me, Judge – We know a lot of great civil rights lawyers, and they know how to put in – file complaints that are clear. You don't. You read it, it's an ordeal. We have a rule. You have to state it plainly and clearly. You didn't do that. The fourth amended complaint is close to perfect. Close to perfect. The problem is you didn't have – you don't have an absolute right to file the fourth amended complaint. That was the problem. And why not, Judge? Why – I'm tired of it. Look, you just don't want to – I guess it's your view is that there are rules, but they really shouldn't apply. There are rules that they should apply, Judge. But they should be – but they should be interpreted in a way so that the final result is justice. I mean – I mean, the problem with form being the end-all and be-all of the process is that justice doesn't get done. If there's a valid underlying claim, it should be heard. You could argue to us in the blue brief that the third – that the third amended complaint stated a claim for relief. You might be – at least with me, you might be in a different position. But that's not what you argued. No. I argue that you're allowed to amend if you have a – if you have a valid claim. Okay. Sure. Okay. Thank you. Good morning. If it pleases the Court, my name is Shell Harrell. I'm here for the appellees in the case. The longer that I do this, and the more that I work with the rules that are on the books, both in the Federal rules of appellate procedure, the Federal rules of civil procedure, the enunciations of this Court. Why don't you talk into that? Yes, Your Honor. Yeah. The more that I work with the rules, the more that I understand that the rules are not there just to be rules. If people follow the rules that are on the books, if they follow court orders, cases tend to be resolved faster, more cheaply, and with greater reliability towards the end goal of  Judge Guilford, the record says just as clearly as it can say, was trying to achieve all these things by asking plaintiff's counsel to do nothing more than comply with the rules. Federal Rule 8 asks for a short, plain statement of who's being sued and why. I mean, here's the point, though, that, you know, after Iqbal, some district court judges demand more in the complaints than others. Your Honor. And it's true. You look at some of the complaints that come up here and the judges demand an awful lot. And other times you look at complaints where there was no 12B6 ruling and it's just a short and plain statement. That's it. Your Honor, and I think that this Court has allowed its trial courts flexibility to adapt what it would like pled. No, no, no, no. That shouldn't be judged. Ideally, it should not be based upon what Judge X in Orange County thinks and what Judge Y in Los Angeles thinks. There should be, you know, there should be fairly, fairly. Your Honor, I understand. If you look at the Third Amended Complaint, he probably does state a claim, at least in my book, in the way he's alleged, what he's alleged in the Third Amended Complaint. Your Honor, I think that Plaintiff's counsel is leaving something important out. Plaintiff's Third Amended Complaint, the problem was just not with the 12B6, with him trying to, in an excessive force case, trying to allege claims under the Fifth Amendment, the Sixth Amendment, the Ninth Amendment. It wasn't just a problem with regard to 12B6 issues. It was a problem with regard to clarity. I've rarely seen anything like it where a judge, A, has the time and, B, does do a 13-page single-spaced order, a road map, a treatise on what it's asking for. All plaintiffs had to do was to follow that. Not once did Judge Guilford do that. Well, you'd end up in the same – even if Judge Guilford had let this Third Amended Complaint go forward, he would have then – he would have had to confront a summary judgment motion, and the approach to a summary judgment motion would have been the same whether it had remained where he lumped all of the claims for relief, the fourth, fifth, and sixth, in one paragraph, or if he had ledged them out separately in separate paragraphs in a new complaint. You would have addressed each one in a motion for summary judgment. I don't know what the difference is. Your Honor, I don't know why that's – I don't know why that's any more clear to spell them out in separate paragraphs. Your Honor, in my experience, that is of benefit because there are seven of my clients who are named in this case, some of which are officers, some of which are the sheriff of Orange County, one of which is a public entity. It was not out of bounds or an abuse of discretion for the trial court to ask Plaintiffs' Counsel to separate out your constitutional amendments and indicate which of the seven is being sued under which theory. It could have been done and filed far before us getting to the third amended complaint, but that didn't happen. Instead, we kept coming back with the same repetitive problems in spite of the fact that we had a single-space order asking Plaintiffs' Counsel, and it's really more than that. I don't really – he didn't argue this to us, but in paragraph 13 of the third amended complaint, he alleged defendant deputies Murray, Kirk, Luther, Salgado and Lamberta, deputies were guards at the Theo Lacey facility. Your Honor, and this is part of the problem of not following the rules. And he claims that they were involved in an excessive force. Your Honor, this is part of not following the rules. This hasn't been briefed to the court. I'm standing here without any brief that I've submitted to the court, without any focus on this issue, because Plaintiffs' Counsel didn't raise it. I know. I'm just suggesting to you that, you know, you can look at this complaint – I can look at this complaint, and I can see a claim for relief in there without any problem. Now, it may have been ideal to have each particular claim laid out separately and labeled separately, but, I mean, that's pretty technical. And as I said, ultimately, you're going to go to a summary judgment situation. There will be discovery. And when you get to summary judgment, you're going to let – you're going to go after each one of these claims for relief. So what difference does it make whether he pleads them separately in the complaint or whether he lumps them together here? You're going to get to the same result. You have discovery. And not only that, if you get over summary judgment, when you get to trial, you're going to go through each claim, you're going to do all the fact – you're going to do all the preparation for trial, the finding proposed pretrial order that goes through what's left, what's agreed to. You do everything. I mean – Your Honor, I understand. This Court has said in the past, and we've cited the case to the Court, it's long been on the books that trial courts have the discretion under Rule 8 to ask certain things of complaints that are filed in Federal court. This Federal court judge chose, as is his right under the law, to ask plaintiffs to separate out his claims. With respect to plaintiff's counsel, once that order is made, it no longer becomes an issue of when we're down in the trial court, whether that was the right order or a good order. The issue now is follow the order. And if you don't follow the order, then up on appeal, what you're looking at is being dismissed for failure to follow a court order, which is not the same standard as a 12B6 standard. Especially since plaintiff's counsel didn't brief the 12B6 issue in his opening brief on appeal, that issue's waived. And all that's left for us now is whether or not plaintiffs should have been granted a fifth opportunity to file a complaint. Plaintiff even admitted, and it's in the record, we cited it in our brief, when he was in front of the trial court asking for leave to file a fifth amended complaint after already being warned that his fourth would be his last one. When he was asking for a fifth amended complaint, plaintiff's counsel, in response to questions from the trial court, candidly admitted that that complaint, too, was not in compliance with the court's order to take out claims that have already been dismissed, like the Fifth Amendment, like the Sixth Amendment, like the Ninth Amendment. The cold transcript of the proceedings down in trial court, it also has the written orders of the court. Nowhere in the record was there any lack of courtesy or respect or any raised voices. There was repeated efforts by the trial court to assist plaintiff's counsel by essentially drafting his complaint for him, showing him if he was confused, this is how I want it done. The court did all but draft it and file it for him. But when we get to the point where plaintiff's counsel is not following the court's order about Rule 8 and attacking the trial court, as you did in the trial court, it can't be any great surprise that we're now in the Ninth Circuit and we're under an abuse of discretion standard. Every case means something. And I don't know if this will be published. I don't know. But I do know that Judge Guilford was trying to achieve something that this court and the Federal rules say is a laudable goal, and that is clarity in the case. That leads to less expense. That leads to better results for everybody. It wasn't outrageous. It was not an abuse of discretion. Far from it. It was a laudable goal. Unless the Court hesitates, questions, I'm prepared to submit on the briefs. Thank you. Your Honor, thank you. This case concerns me a great deal, Your Honor. As a practical matter, all cases are published. They all have Westlaw numbers, whether the Court says they're for publication or not. So everyone who practices in the Ninth Circuit will read this case. You don't have to tell us that. We know all of it. Yeah. So everyone who practices law in the Ninth Circuit will read this, and this will be the standard for 12b-6 motions. Do you always file complaints like this? Actually, I use the Fourth Amendment complaint as my model now because that covers every single judge. There's no problem. And I don't get the law. You always get 12b-6s. You know what you ought to do? Just to give you a little free legal advice. Thank you, Your Honor. What you ought to do, because you're passionate in what your work is, and you've had some success, and we respect that, but why don't you look around and determine in your own mind the one or two lawyers who handle these cases that you admire and I think have more skill than you have by drafting complaints. And then you can just go online, and you can see what people like Paul Hoffman put in their complaints and some of the other people. I've worked with Paul Hoffman. It's so easy to do. It's so easy to do. But, you know, the district judges today have probably calendars of 600 cases. When I was on the district judge, maybe I'd have 120 or 130. Some had a few more. But now there's a heavy load on them, and there are many other responsibilities they have, more complexities in these cases. They're working under a lot of pressure, and what you need to do is make things easier, make them clearer, because I look at your complaint, start reading it, and I wonder, do I have to go through and read all of this? I mean, I've looked at all this stuff. I mean, I've looked at all this stuff.  And I'm wondering, do I have to go through and read all of this? And I'm wondering, do I have to go through and read all of this? And then while you're looking at this, you've got 15 others that you need to take care of. You've only got so much time. And you're not doing your clients any good. You know what I'm saying to you? I hear what you're saying, Your Honor. As a judge, on the record, it seemed to me that he would issue these, he would tell you what the problem was, let you know, give you an opportunity to amend, and sometimes I think on your second, your first amended complaint, you practically copied the original complaint. Didn't do much. It went on that way, and then all, then you go off to wherever you went. You're in the midst of this. You can't do those things. You're burdening the courts. So if you're smart, you keep that in mind. Thank you, Your Honor. Yeah. And then when it comes to the critical issue with Judge Hyatt's points, you don't even raise it. So you've got to get focused. I'm sure you get in front of a jury, you do a very good job, but you've got to get there first. Thank you, Your Honor. All right. I wish you well. Thank you. You too. All right.
judges: Pregerson, Paez, Smith